IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
AUG 06 2008
AUG 0 6 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| RPG INVESTMENT HOLDINGS, LLC, a Delaware Limited Liability Company, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN GREETINGS CORP., )<br>an Ohio Corporation, )<br>)<br>Defendant. ) | Case No. 08 CV 4422<br>Judge Wayne R. Andersen<br>Magistrate Judge Maria Valdez<br><br>JURY DEMAND |

## NOTICE OF FILING

**TO:** Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

Please take notice that on August 6, 2008, we filed with the Clerk of the District Court for the Northern District of Illinois Eastern Division, **Plaintiffs' Emergency Motion for Temporary Restraining Order, and Memorandum of Law In Support of Emergency Motion for Temporary Restraining Order,** copies of which are hereby served upon you. The hearing of this matter is scheduled for Thursday, August 7, 2008 at 9:45 a.m. before the Honorable Ruben Castillo, 219 South Dearborn Street, Courtroom 2141, Chicago, Illinois 60604.

Dated: August 6, 2008

Respectfully submitted,

RPG INVESTMENT HOLDINGS, LLC

By: /s/ Michael F. Braun
One of the Attorneys for Plaintiff

Michael F. Braun(Atty No.: 6180471)
James L. Komie(Atty No.: 6198089)
Robert D. Snow, Jr.(Atty No.: 6275952)
Schuyler Roche, P.C.
One Prudential Plaza
Suite 3800
130 East Randolph Street

Chicago, Illinois 60601
(312)565-2400
(312)565-8300(facsimile)

## CERTIFICATE OF SERVICE

I, Michael F. Braun, an attorney, hereby certify that service of **Notice of Filing** and **Plaintiffs' Emergency Motion for Temporary Restraining Order, and Memorandum of Law In Support of Emergency Motion for Temporary Restraining Order,** were accomplished on the addressee above via overnight delivery service, postage prepaid, on this 6th day of August, 2008.


/s/ Michael F. Braun

527868

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
AUG 06 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| RPG INVESTMENT HOLDINGS, LLC, a Delaware Limited Liability Company,      Plaintiff, <br><br> v. <br><br> AMERICAN GREETINGS CORP., an Ohio Corporation,      Defendant. | Case No. 08 CV 4422 <br> Judge Wayne R. Andersen <br> Magistrate Judge Maria Valdez <br><br> JURY DEMAND |

## PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Pursuant to Fed. R. Civ. P. 65, the plaintiffs, RPG Investment Holdings LLC, by and through its undersigned attorneys, moves this Court for an order entering a temporary restraining order against defendant American Greetings Corp. ("AG") on the terms set forth below.

By virtue of this action, RPGI seeks to prevent a direct competitor, AG, from using loans AG purchased in violation of a written confidentiality agreement and federal antitrust laws to, literally, destroy the Plaintiff and its affiliates, RPG Holdings, Inc. ("RPG Holdings") and Recycled Paper Greetings, Inc. ("RPG")(collectively RPG Holdings and RPG are referred to as the "affiliates"). As detailed in the Plaintiff's Complaint, and in the Affidavit of Charles Yoon, all of which are filed contemporaneously herewith, after years of trying unsuccessfully to force RPG out of the greeting card marketplace, AG, in violation of a written confidentiality agreement, induced RPG's lenders to sell over 50% of RPG's outstanding senior loans at the very moment RPG was in the process of successfully renegotiating its overall debt. As a result of that wrongful conduct, AG is now in a position to block a restructuring from occurring.

Indeed, RPGI has been advised that, at this moment, AG is "strategizing" on how to use its control over the RPG debt to put RPG out of business.

All of this comes at the very moment when, as noted, RPGI and its affiliates are working towards a debt restructuring so that RPG can continue successfully operating. It also comes at a time when RPG is poised to gain access to testing its cards in a number of major, national retail stores. If AG is allowed to continue on unrestrained, RPGI's and its affiliates' restructuring efforts will be unsuccessful. This could lead to disastrous consequences, including the loss of artists, customers, jobs, and new business prospects. Additionally, and equally devastating to an already highly concentrated market, failed restructuring efforts could lead to AG acquiring operating control of RPG and thereby eliminating one of its last remaining competitors and an industry innovator. It is unquestionably AG's goal to further reduce an already unduly-concentrated market. If AG is permitted to continue on unrestrained, there is a substantial likelihood that this illicit goal will become an unfortunate reality.

For these reasons, and as more fully articulated in the Complaint and accompanying Memorandum of Law, RPGI meets all of the requirements for the issuance of injunctive relief and, therefore, respectfully request that the Court enter a temporary restraining order, without bond (as agreed to by the parties in their Confidentiality Agreement), that:

1. Defendant American Greetings Corp. ("AG") is immediately restrained and enjoined, whether acting directly or indirectly, alone or in concert with other persons or entities until further Order of this Court, from: (a) contacting any lender of RPGI's affiliates or holder of RPGI's affiliates' debt until and including May 15, 2010; (b) exercising any rights or remedies afforded the First and/or Second Lien Lenders under the First and/or Second Lien Credit Agreements and related collateral documents, including but not limited to (i) the right to

accelerate the First and/or Second Lien Loans, (ii) the right to foreclose on RPG collateral, (iii) the right to exercise control over RPGI's or its affiliates bank accounts, (iv) the right to object to the grant of senior liens on the collateral securing the Loans for the purpose of obtaining emergency financing, (v) the right to object to the use of cash collateral, (vi) the right to object to the sale or other disposition of collateral that is free and clear of all liens and claims; and (c) obtaining, reviewing and/or using any confidential information or trade secrets of RPGI or its affiliates which AG possesses, or might come to posses, by virtue of its ownership and/or control of the First Lien Loans.

2. AG's and/or its agents' or representatives' disclosure, within 24 hours of the issuance of the Court's Order, in an affidavit, of whether it has used or disclosed any of RPGI's or its affiliates' confidential and/or trade secret information and, if so: identify the confidential information used or disclosed; any party to such disclosure; the manner of such use; and the date of such use or disclosure.

3. AG's and/or its agents' or representatives' return, within 24 hours of the issuance of the Court's Order, to RPGI of any and all customer information, analyses, materials, records, documents, electronic files, data compilations, computer programs and/or databases, wherever and however contained or formatted, that were acquired by AG as a result of AG contacting any lender of RPG Holdings or RPG, and shall purge from all electronic recordkeeping systems (e.g., computers), all such information and confirm that it has done so in an affidavit.

4. Setting this matter for a Preliminary Injunction hearing and permitting the parties to take expedited discovery in furtherance of that hearing.

Dated: August 6, 2008

Respectfully submitted,

RPG INVESTMENT HOLDINGS, LLC

By: /s/ Michael F. Braun
One of the Attorneys for Plaintiff

Michael F. Braun(Atty No.: 6180471)
James L. Komie(Atty No.: 6198089)
Robert D. Snow, Jr.(Atty No.: 6275952)
Schuyler Roche, P.C.
One Prudential Plaza
Suite 3800
130 East Randolph Street
Chicago, Illinois 60601
(312)565-2400
(312)565-8300(facsimile)

527863