**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RPG INVESTMENT HOLDINGS, LLC, a Delaware Limited Liability Company, RPG HOLDINGS, INC., a Delaware Corporation and RECYCLED PAPER GREETINGS, INC., an Illinois Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN GREETINGS CORP.,<br><br>Defendant. | Case No. 08 CV 4422<br>Judge Wayne R. Andersen<br>Magistrate Judge Maria Valdez |

**OPPOSITION TO MOTION TO INTERVENE OF GROUP OF SECOND LIEN
LENDERS OF RPG HOLDINGS AND RECYCLED PAPER GREETINGS**

Plaintiffs in this action, RPG Investment Holdings, LLC ("RPGI"), RPG Holdings, Inc. ("RPG Holdings"), and Recycled Paper Greetings, Inc. ("RPG")(RPGI, RPG Holdings and/or RPG are referred to herein as "Plaintiffs"), hereby oppose intervention by the informally named group of certain unaffiliated lenders under the Second Lien Credit Agreement (the "Second Lien Group") because (i) the proposed intervenors do not have a sufficient interest in the present action to support intervention as of right pursuant to Rule 24(a)(2), (ii) no common questions of law or fact exist with respect to claims at issue in this case so as to justify permissive intervention under Rule 24(b), (iii) the proposed intervenors have not demonstrated an independent basis for federal subject matter jurisdiction over their claims and defenses in this litigation as required to support permissive intervention, and (iv) the Second Lien Group's opposition

to Plaintiff's Motion for a Temporary Restraining Order does not satisfy the pleading requirement of Rule 24(c).[1]

## BACKGROUND AND NATURE OF THE CASE

This case consists of a claims brought by Plaintiffs, RPG and its owners, RPGI and RPG Holdings, against American Greetings Corp. ("AG"), a direct competitor of RPG in the greeting card industry, for breach of a Confidentiality Agreement entered into between RPGI and AG and for tortious interference with contractual and beneficial relationships. RPGI entered into the Confidentiality Agreement in the context of a potential business deal with AG. In that contract, AG voluntarily agreed that it would not contact RPG's lenders if no transaction was accomplished. That, however, is exactly what AG did. After concluding talks about a possible transaction, including the possibility of AG acquiring Plaintiffs' debt at a discount (an option RPGI rejected) broke off, AG purchased a controlling interest in the first priority debt of RPG. Plaintiffs' suit seeks to hold AG to its contractual obligations. The claims at issue are discrete and straight forward.

The Second Lien Group, an unaffiliated collection of RPG's second priority lien lenders, now seeks to intervene in this case pursuant to Federal Rule of Civil Procedure 24 (a)(2) and/or (b) in order to oppose Plaintiffs' motion for injunctive relief to enforce their rights under the contract RPGI entered into with AG.[2] Specifically, they oppose an order enjoining AG from communicating directly with RPG's creditors. They do so

---

[1] Although this response is primarily directed at the motion to intervene brought by the Second Lien Group, the arguments made herein apply with equal force and effect in opposition to the Motion to Intervene filed by Credit Suisse, Cayman Islands Branch as agent for the First Lien Lenders. (Docket Nos. 25-26) Accordingly, Plaintiffs also submit this memorandum in opposition to the Motion to Intervene of Credit Suisse, Cayman Islands Branch as agent for the First Lien Lenders.

[2] RPG and RPG Holdings are intended beneficiaries of RPGI's contract with AG. (Am. Compl. ¶¶ 68-76)

2

based on their claim that such an injunction will impede efforts among RPG's creditors to restructure RPG's debt.

The Second Lien Group is not a party to or beneficiary of the Confidentiality Agreement, nor does it have any direct, legally protectable interest in its enforcement or non-enforcement. Their sole interest related to this dispute is their economic interest in the loans they have extended to RPG, which are secured by a second priority lien on the assets of RPG. However, the subject matter of this lawsuit is not the debt obligations of RPG themselves. The subject of this action is whether AG acted improperly and in violation of the Confidentiality Agreement when it acquired control of RPG's first priority debt.

The claimed injury the Second Lien Creditors would suffer from requiring AG to adhere to its contractual obligations does not derive from the violation of any direct, legally protected interest that the Second Lien Group holds. Indeed, their rights under the Second Lien Credit Agreement are not impaired by requiring AG to adhere to its agreement. Nonetheless, the Second Lien Group seeks to forward their own economic interest, which is only indirectly impacted by the lawsuit, at the expense of Plaintiffs' legally enforceable contractual rights. AG expressly contracted away any right it had to contact and negotiate directly with RPG's creditors by signing the Confidentiality Agreement. The Second Lien Group's desire to travel further down that path with AG is not a legally protected interest that justifies their intervention into this proceeding.[3]

---

[3] Although the Second Lien Group profess in their brief to be acting in the interests of RPG in opposing RPGI's motion to enjoin AG from communicating with RPG's creditors, it is difficult to fathom how openly permitting a competitor unchecked control over its financial future is in the best interests of RPG.

**ARGUMENT**

I. **The Second Lien Group Do Not Have Grounds To Intervene As Of Right.**

A party seeking to intervene as of right must show (i) timeliness, (ii) an interest relating to the property or transaction which is the subject of the action, (iii) at least potential impairment of that interest if the action is resolved without the intervenor, and (iv) lack of adequate representation by existing parties. Fed. R. Civ. P. 24(a)(2); *Reid L. v. Ill. St. Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002). Intervention as of right will not be allowed unless all requirements of the Rule are met. *Chippewa Comm. Mole Lake Band v. Babbitt*, 214 F.3d 941, 945 (7th Cir. 2000); *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985) ("[T]he lack of one element requires that the motion to intervene be denied."); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Continental Ill. Corp.*, 113 F.R.D. 532, 534 (N.D.Ill. 1986) ("[I]ntervention is a game in which one strike is out").

In this case, the Second Lien Group's motion to intervene as of right should be denied because they lack a direct, legally protected interest in the subject of the pending lawsuit -- namely, the Confidentiality Agreement entered into by and between RPGI and AG, AG's violation of that agreement by acquiring more than 50% of RPG's senior debt and AG's interference with Plaintiffs' contractual and beneficial business relationships. Because the Second Lien Group lacks a direct, legally protected interest in the subject matter of this action, They cannot show that the disposition of this action will impair or impede their ability to protect that interest.

**The Second Lien Group Has No Direct, Substantial, Legally Protected Interest In The Subject Matter Of This Lawsuit**

To intervene as of right, an intervenor must allege an interest in the transaction that is the subject of the pending lawsuit. *Chippewa Comm. Mole Lake Band*, 214 F.3d at

4

946. The interest of the proposed intervenor in the subject of the lawsuit must be direct, substantial and legally protectable. *Keith*, 764 F.2d at 1268. The interest must be so direct that the applicant could maintain a separate action to enforce or protect the interest. *Id.* The interest must rest on some right belonging to the proposed intervenor rather than an existing party in the suit. *Palos Bank and Trust Co. v. Truman Nat'l Life Ins. Co.*, 1985 WL 2931 at *2 (N.D. Ill. Oct. 2, 1985).

Here, the subject matter is the Confidentiality Agreement entered into between RPGI and AG, its violation by AG in contacting RPG's creditors and acquiring control of RPG's first priority debt and other acts taken to improperly interfere with RPG's business. It is not, as the Second Lien Group appears to suggest, the negotiations over the restructuring of RPG's debt or the debts themselves. The Second Lien Group is neither a party to nor a third-party beneficiary of the Confidentiality Agreement. The Second Lien Group has no legally protected interest, economic or otherwise, in the subject matter of this dispute between Plaintiffs and AG.

The Second Lien Group members are creditors of RPG. The legally protected interest that they possess is the right to collect on the debts created by the Second Lien Agreement and secured by a second priority interest in the assets of RPG. That interest is entirely apart from and outside the issues presented in this case. See *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 203, 204 (7th Cir. 1982) (holding that a party with a legal right, and therefore a "legally protectable interest" in receiving the profits of a joint venture is not entitled to intervene in a case where the resolution of the cause of action involved *how* the profits are generated, how the joint venture is managed or whether the joint venture continues).

Other courts have denied motions to intervene under Rule 24 by creditors possessing only an indirect economic interest in the outcome of a case. E.g., Cal Data Systems Inc. v. NCS Pearson, Inc., H-07-1390, 2008 WL 1730539 at *2-3 (S.D. Texas Apr. 10, 2008) citing United States v. Alisal Water Corp., 370 F.3d 915, 920 (9th Cir. 2004) (denying creditor's motion to intervene in debtor company's breach of contract suit where creditor's only legally protectable interest was the prospective collectability of a debt and creditor's lien on the assets of plaintiff and was unrelated to the contract dispute between the parties at issue in litigation); Philadelphia Indemnity Ins. Co. v. Business Computer Training Institute, Inc., C05-5706, 2006 WL 2883010 (W.D. Wash. Oct. 10, 2006) (judgment creditor denied intervention where interest in outcome was purely economic and was not related to the subject matter of the suit – whether insurance coverage existed for alleged acts and omissions even though intervenor's claim arose from the alleged acts and omissions).

Even if the Second Lien Group has a legitimate and demonstrable interest in communicating directly with AG regarding restructuring of RPG's debt, that interest does not amount to one that is protected by law and does not give rise to the right to intervene here. Indeed, not all interests are legally protected. *See United States v. 39.36 Acres of Land*, 754 F.2d 855, 859 (7th Cir. 1985) (recognizing that while a non-party's interest may be legitimate and demonstrable, it does not have a right to intervene unless that interest is legally protected). In *Chippewa Comm. Mole Lake Band v. Babbitt*, 214 F.3d at 946, intervention was denied where a non-party Native American group operating a casino sought to intervene in a lawsuit brought by another Native American Group against a the Department of the Interior under the Administrative Procedures Act seeking

review of procedures employed in considering application to build a casino. The proposed intervenor (the St. Croix tribe) claimed that it had an interest in preventing the potential harm caused by competition from another casino (the Four Feathers). The Court denied the petition to intervene. While the St Croix tribe had an economic interest in the outcome of the proceeding (i.e. limiting competition), it was not a legally protected interest in the subject of the lawsuit, which was whether the procedures employed by the Department in reviewing the application were proper. "In the lay sense of the term there can be little doubt that the St. Croix tribe is "interested" in the outcome of the Department's consideration of the Four Feather's application … but not all interests give rise to a right to sue." *Id*. at 946. The mere fact that the Second Lien Group may be interested in the resolution of this case does not rise to the level of a legally protectable interest as required to intervene as of right.

Moreover, even if they are permitted to intervene, the supposed impairment of the Second Lien Group's economic interests does not constitute a defense to Plaintiffs' request for injunctive relief. Although decided in a different legal context, the decision of *FTC v. Staples*, 970 F.Supp. 1066, 1092 (D.D.C. 1997) is instructive. In that case, the court enjoined a merger between Staples and Office Depot on antitrust grounds. The court observed that by enjoining the merger, the Office Depot shareholders would likely lose a substantial portion of their investments. *Id.* Nonetheless, the court held that private equity alone was insufficient to justify denying a preliminary injunction. *Id., see also FTC v. PPG Indus., Inc*., 798 F.2d 1500 (D.C. Cir. 1986) (reversing trial court order denying a preliminary injunction to block an acquisition challenged under the antitrust laws despite economic harm to creditors). Similarly, the potential economic harm to the

Second Lien Group that may result by not permitting a prohibited transaction to continue and requiring AG to adhere to its contractual obligations does not constitute a viable basis for denying Plaintiffs the injunctive relief they seek against AG.[4]

Because the Second Lien Group has not shown that it has a direct and legally protected interest in the subject matter of this lawsuit, the motion to intervene as of right pursuant to Rule 24(a)(2) should be denied.

## II.  No Sufficient Basis Exists For Permissive Intervention.

### A.  No Common Questions Of Law Or Fact Exist

The Second Lien Group also contend they should be permitted to intervene pursuant to Rule 24(b). Two requirements must be met before a court may exercise its discretionary power to grant intervention under Rule 24(b). The proposed intervenor must demonstrate that there is (1) a common question of law or fact in a claim or defense asserted, and (2) independent jurisdiction. *Security Ins. Co. v. Schipporeit*, 69 F.3d 1377, 1381 (7th Cir. 1995). Beyond these two requirements, intervention under 24(b)(2) is entirely discretionary. *Id.*

Reaching the discretionary factors is unnecessary here, where the Second Lien Group has no claim or defense of its own to assert relative to this breach of contract

---

[4] The Second Lien Group's reliance on *United States v. Holy Land Foundation For Relief And Development,* 445 F.3d 771, 780 (5th Cir. 2006), for the proposition that non-parties be allowed to intervene to contest injunctive relief in this case is misplaced. The *Holy Land* case did not involve or discuss intervention pursuant to Rule 24, it merely addressed the issue of standing to appeal. There is a qualitative difference between what is required to have standing to sue and having a legally protectable interest sufficient to justify intervention as of right. *See United States v. 39.36 Acres of Land*, 754 F.2d 855, 859 (7th Cir. 1985) (finding that intervention requires an interest greater than is required for standing). Standing requires only that a party show injury in fact, causation and redressability. *Holy Land*, 445 F.3d at 779. While it has been held that a party meeting the higher standard for Rule 24(a)(2) intervention also satisfies the requirements for Article III standing, the reverse is not true. *See Chippewa Comm. Mole Lake Band*, 214 F.3d at 946 (observing that an interest of such magnitude as to support rule 24(a) intervention of right is sufficient to satisfy the Article III requirement as well).

dispute between Plaintiffs and AG or AG's tortious interference with Plaintiffs' contractual and beneficial relations. The Second Lien Group are neither parties to or intended beneficiaries of the Confidentiality Agreement.

The legal rights and remedies that the Second Lien Group may have by reason of RPG's default under its loan agreements with the Second Lien Group are not grounds for intervention. They have no bearing on whether AG entered into a valid agreement with RPGI or whether AG breached that agreement by contacting RPG's creditors and purchasing a majority interest in RPG's first priority debt obligations. As such, permissive intervention should be denied.

### B.  Second Lien Group Has Not Shown An Independent Basis For Jurisdiction To Permit Permissive Intervention

The Second Lien Group's intervention should also be denied because the proposed intervenors have not shown an independent jurisdictional basis for their claims. Subject matter jurisdiction in this action is based on diversity under 28 U.S.C. § 1332. To be considered for permissive intervention, the proposed intervenor has the burden to present an independent basis for subject matter jurisdiction over their claims. *E.g.*, *Security Ins.Co.*, 69 F.3d at 1381. The proposed intervenors make no attempt in their submissions to set forth a basis for federal jurisdiction over their claims or defenses. The Court should not permit intervention by parties that may put the subject matter jurisdiction of this Court into question.

### III.  The Second Lien Group's Opposition To Plaintiffs' Motion For Temporary Restraining Order Does Not Satisfy The Requirement of Rule 24(c).

The Second Lien Group has also failed to satisfy the requirement of Rule 24(c) which obligates proposed intervenors to accompany their motion with a "pleading setting

9

forth the claim or defense for which intervention is sought."[5]  The only "pleading" submitted by the Second Lien Group is their memorandum in opposition to Plaintiffs' Motion for a Temporary Restraining Order.  That document does not satisfy the requirements of Rule 24(c).  *See North Shore-Chicago Rehabilitation v. Village of Skokie*, 93 C 1198, 1993 WL 356928 at *5 (N.D. Ill. Sept. 13, 1993) (finding motion to modify an injunction insufficient to meet the requirements of Rule 24(c), observing that "the absence of a pleading would leave the [proposed intervenors]' status as parties in this case murky to say the least.")  While the failure to meet this requirement, standing alone, may not be grounds to deny the Second Lient Group's motion to intervene, it is yet another factor that weighs against granting the motion.  *Id*.

---

[5] The Second Lien Group's citation to *Nat'l Cas. Co. v. Davis,* 91 C 01318, 1991 U.S. Dist. Lexis 7651 (N.D. Ill. June 3, 1991) is inapposite.  That case addressed the filing of Motions to Dismiss and for Summary Judgment in the context of Rule 24(c) -- dispositive motions which are substantively distinct from a brief in opposition to a motion for injunctive relief.

## **CONCLUSION**

For all of the reasons stated above, plaintiffs RPG Investment Holdings, LLC, RPG Holdings, Inc. and Recycled Paper Greetings, Inc. respectfully request that the motion to intervene be denied.

Dated: August 26, 2008                               Respectfully submitted,

                                                     RPG INVESTMENT HOLDINGS, LLC


                                                     By:    /s/ James L. Komie
                                                            One of the Attorneys for Plaintiff

Michael F. Braun (Atty No.: 6180471)
James L. Komie (Atty No.: 6198089)
Robert D. Snow, Jr. (Atty No.: 6275952)
Schuyler Roche, P.C.
One Prudential Plaza
Suite 3800
130 East Randolph Street
Chicago, Illinois 60601
(312)565-2400
(312)565-8300 (facsimile)
528616_5

**CERTIFICATE OF SERVICE**

      I, James L. Komie, an attorney, certify that I have caused a true and correct copy of the above and foregoing **OPPOSITION TO MOTION TO INTERVENE OF GROUP OF SECOND LIEN LENDERS OF RPG HOLDINGS AND RECYCLED PAPER GREETINGS** to be served, as indicated, by electronic means through CM/ECF and by first class mail upon the persons named below on this 26th day of August, 2008:

| | |
|---|---|
| Lee Ann Russo<br>Mark P. Rotatori<br>JONES DAY<br>77 W. Wacker Drive<br>Chicago, IL 60601-1692<br><br>larusso@jonesday.com<br>mprotatori@jonesday.com<br><br>Counsel for Defendant American Greetings Corporation | John M. Newman, Jr.<br>JONES DAY<br>North Point<br>901 Lakeside Ave.<br>Cleveland, OH 44114-1190<br><br>jmnewman@jonesday.com<br><br>Counsel for Defendant American Greetings Corporation |
| Steven B. Towbin<br>Janice A. Alwin<br>SHAW GUSSIS FISHMAN GLANTZ<br> WOLFSON & TOWBIN LLC<br>321 N. Clark St., Ste. 800<br>Chicago, IL 60654<br><br>stowbin@shawgussis.com<br>jalwin@shawgussis.com<br><br>Counsel for Group of Second Lien Lenders of RPG Holdings, Inc. and Recycled Paper Greetings, Inc.: The institutions composing the Second Lien Group are funds managed by AEA Investors LLC, Guggenheim Investment Management, LLC, Plainfield Asset Management LLC, and Camulos Capital LP | Abid Qureshi<br>AKIN GUMP STRAUSS HAUER<br> & FELD LLP<br>590 Madison Ave.<br>New York, NY 10022<br><br>aquresh@akingump.com<br><br>Counsel for Group of Second Lien Lenders of RPG Holdings, Inc. and Recycled Paper Greetings, Inc. The institutions composing the Second Lien Group are funds managed by AEA Investors LLC, Guggenheim Investment Management, LLC, Plainfield Asset Management LLC, and Camulos Capital LP |
| Derek L. Wright<br>Mark F. Hebbeln<br>FOLEY & LARDNER LLP<br>321 N. Clark, Ste. 2800<br>Chicago, IL 60654<br><br>dlwright@foley.com<br>mfhebbein@foley.com<br><br>Counsel for Credit Suisse, Cayman Islands Branch | Kenneth H. Eckstein<br>P. Bradley O'Neill<br>KRAMER LEVIN NAFTALIS &<br> FRANKEL, LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br><br>keckstein@kramerlevin.com<br>boneill@kramerlevin.com<br><br>Counsel for Credit Suisse, Cayman Islands Branch |

                                               By: /s/ James L. Komie