**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RPG INVESTMENT HOLDINGS, LLC, a Delaware Limited Liability Company, RPG HOLDINGS, INC., a Delaware Corporation and RECYCLED PAPER GREETINGS, INC., an Illinois Corporation<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>AMERICAN GREETINGS CORP., an Ohio Corporation,<br><br>　　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)  Case No. 08 CV 4422<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST LIEN AGENT'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION FOR LIMITED INTERVENTION PURSUANT TO RULE 24**

　　　　Credit Suisse, Cayman Islands Branch ("Credit Suisse" or the "Agent"), as administrative and collateral agent under the First Lien Credit Agreement (the "Credit Agreement"), dated as of December 5, 2005, by and among RPG Holdings, Inc. ("RPG Holdings"), Recycled Paper Greetings, Inc. ("RPG"), and the lenders party thereto (collectively, the "First Lien Lenders"), by and through its undersigned counsel, hereby submits this reply brief in further support of its motion for limited intervention pursuant to Rule 24 (the "Limited Intervention Motion") to oppose the emergency motion (the "TRO Motion") of RPG Investment Holdings, LLC ("RPGI", together with RPG and RPG Holdings, the "Plaintiffs") for entry of a temporary restraining order. In support thereof, the Agent respectfully states as follows:

**ARGUMENT**

　　　　In its Limited Intervention Motion, the Agent demonstrated that it should be allowed to intervene in this action, not as a full party, but rather for the limited purpose of opposing the injunction sought by the Plaintiffs. In support of this relief, the Agent's motion

demonstrated that, because of the specific impact of the injunction sought the Plaintiffs on the First Lien Lenders and the operation of the Credit Agreement, the Agent was entitled to both mandatory intervention under Fed R. Civ. P. 24(a) and permissive intervention under Fed. R. Civ. P. 24(b).

The Plaintiffs have not responded directly to the Agent's arguments. Rather, they have opposed a separate motion to intervene made on different factual grounds by the second lien lenders and, in a footnote, asserted that the arguments they made in respect of the second lien lenders' motion also warrant denial of the Limited Intervention Motion. *See* Plaintiffs' Intervention Opp. at 1 n.2. In taking this position, they have not considered the unique factual circumstances on which the Agent relied in seeking limited intervention, much less responded to its arguments. For this reason, as well as those outlined below, the Plaintiffs objection should be overruled and the Limited Intervention Motion should be granted in full.

I.      **The Agent is Entitled to Intervene as a Matter of Right.**

The Plaintiffs argue that the Agent is not entitled to intervention as a matter of right because, they claim, it has no interest in the subject matter of this litigation, which they define narrowly to include only "the Confidentiality Agreement entered into between RPGI and AG, its violation by AG in contacting RPG's creditors and acquiring control of RPG's first priority debt and other acts taken to improperly interfere with RPG's business." *See* Plaintiffs' Intervention Opp. at 5. But this carefully circumscribed definition ignores the reason for and basis on which the Agent seeks limited intervention: the form and scope of the injunction the Plaintiffs have sought in the their TRO Motion and in the Amended Complaint. *See* Amended Complaint at 16 (first request for relief). As detailed in the Limited Intervention Motion – and not disputed by the Plaintiffs – the injunction the Plaintiffs seek would bar AG, which by itself

constitutes the "Required Lenders" under the Credit Agreement, from communicating with the Agent and the other First Lien Lenders, voting to exercise certain remedies or taking certain positions in an as yet unfiled bankruptcy proceeding. If entered, such an injunction would effectively paralyze the Agent, who cannot take certain actions without the consent of at least the Required Lenders, or in certain other situations, all of the First Lien Lenders. As such, it would cause substantial harm to both AG and the First Lien Lenders who are not parties to this proceeding. Because the relief Plaintiffs seek is undeniably part of the "subject matter of this action" and that relief would directly impair the contractual rights of the Agent and the First Lien Lenders under the Credit Agreement (not merely their economic interests), the Agent has an interest in the subject matter of this litigation sufficient to support intervention. *Cf. Int'l Brotherhood of Teamsters v. Keystone Freight Lines, Inc.*, 123 F.2d 326, 328-29 (10th Cir. 1941) (non-party subject to injunction sought by plaintiff has sufficient interest to intervene to defend against injunction).

The Plaintiffs further allege that the impairment of the interest of the Agent and the other First Lien Lenders cannot support intervention because it does not constitute a defense to the entry of an injunction. As more fully articulated in the Agent's brief and surreply in opposition to the TRO Motion, the Plaintiffs are simply mistaken. The adverse impact on the First Lien Lenders and the balance of harms implicated by the proposed injunction is directly relevant to the propriety of the injunction the Plaintiffs request, and in fact require that the injunction be denied.

**II.     The Agent is Entitled to Intervene as a Permissive Intervention.**

The Plaintiffs' efforts to resist permissive intervention fail for substantially the same reasons. It is simply beside the point for Plaintiffs to argue that the Agent's position does

not share common questions of law or fact with Plaintiffs' underlying claims for breach of contract or various purported torts. *See* Plaintiffs' Intervention Opp. at 8-9. To obtain the injunction they seek in the TRO Motion and the Amended Complaint, the Plaintiffs must demonstrate more than the merit of those claims; they must also establish, among other things, irreparable harm in the absence of an injunction and a balance of harms in their favor. It is these issues that the Agent seeks to address upon intervention. As such, Agent's intervention clearly presents common issues of law and fact with the claims asserted by Plaintiffs in this case.[1]

### III. Agent's Failure to Attach a Pleading is Not Fatal to Limited Intervention Motion.

Finally, the Plaintiffs assert that the Agent's Limited Intervention Motion should be denied because they have not attached a pleading in intervention as required by Fed. R. Civ. P. 24(c). *See* Plaintiffs' Intervention Opp. at 9-10. But the Agent does not seek to intervene in this action for all purposes, only for the limited purpose of opposing the TRO Motion. Accordingly, Agent attached a separate memorandum of law in opposition to the TRO Motion, which clearly laid out the facts and law underlying its position and provided ample notice of the Agent's position. Significantly, Plaintiffs do not even attempt to argue that they have been prejudiced by the absence of a formal answer or articulate any reason that the filing of an answer would materially assist in the litigation of the TRO Motion. Given the limited nature of the intervention sought by the Agent, the absence of prejudice to the Plaintiffs and the filing of a motion fully articulating the proposed intervenor's position, the requirements of Rule 24(c) should be deemed satisfied. *See Nat. Cas. Co. v. Davis*, 1991 U.S. Dist. Lexis 7651 (N.D. Ill.

---

[1] Plaintiffs also perplexingly assert that the Agent has failed to demonstrate that this Court has subject matter jurisdiction over the defenses it would assert to the proposed injunction. *See* Plaintiffs Intervention Opp. at 9. But if the Court has subject matter jurisdiction to issue the injunction Plaintiffs seek, it is axiomatic that the Court must also have subject matter jurisdiction over a defendant's and an intervenor's efforts to resist the entry of that injunction.

1991) (citing *Shevlin v. Schewe,* 809 F.2d 447, 450 (7th Cir. 1987)); *accord Petrik v. Reliant Pharmaceuticals, Inc.*, 2007 WL 3283170, at *2 (M.D. Fla. Nov. 5, 2007) (motion to stay is sufficient pleading under Rule 24(c)); *Werbungs Und Commerz Union Astalt v. Collectors Guild, Ltd.*, 782 F. Supp. 870, 874 (S.D.N.Y. 1991) (denying Rule 24(c) motion where briefs and affidavits provided notice of intervenor's position).

## CONCLUSION

For the foregoing reasons, as well as those asserted in the Agent's opposition brief, the Court should grant the Limited Intervention Motion and allow the Agent to intervene in this action.

Dated: Chicago, Illinois
September 4, 2008

Respectfully submitted,

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Kenneth H. Eckstein
P. Bradley O'Neill
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100 (telephone)
(212) 715-8000 (fax)

FOLEY & LARDNER LLP

By: /s/ Derek L. Wright

Derek L. Wright (6276201)
Mark F. Hebbeln (6272385)
321 North Clark
Suite 2800
Chicago, IL 60654
Tel: (312) 832-4372
Fax: (312) 832-4700

-6-

        Counsel for Credit Suisse, Cayman Islands Branch, in its capacity as administrative agent and collateral agent for the First Lien Lenders