**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RPG INVESTMENT HOLDINGS, LLC, a Delaware Limited Liability Company, RPG HOLDINGS, INC., a Delaware Corporation and RECYCLED PAPER GREETINGS, INC., an Illinois Corporation<br><br>      Plaintiffs,<br><br>    v.<br><br>AMERICAN GREETINGS CORP., an Ohio Corporation,<br><br>      Defendant. | )<br>)<br>)<br>)<br>) Case No. 08 CV 4422<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST LIEN AGENT'S SURREPLY BRIEF IN FURTHER OPPOSITION TO**
**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

    Credit Suisse, Cayman Islands Branch ("Credit Suisse" or the "Agent"), as administrative and collateral agent under the First Lien Credit Agreement (the "Credit Agreement"), dated as of December 5, 2005, by and among RPG Holdings, Inc. ("RPG Holdings"), Recycled Paper Greetings, Inc. ("RPG"), and the lenders party thereto (collectively, the "First Lien Lenders"), by and through its undersigned counsel, hereby submits this surreply brief in further opposition to the emergency motion of RPG Investment Holdings, LLC ("RPGI", together with RPG and RPG Holdings, the "Plaintiffs") for entry of a temporary restraining order (the "TRO Motion").  In support thereof, the Agent respectfully states as follows:

**ARGUMENT**

    Having now submitted two separate briefs and numerous affidavits in support of its request for a temporary restraining order, RPGI has still failed to identify any irreparable harm sufficient to support an injunction, let alone an injunction as broad as the one sought in the TRO Motion.  While Plaintiff's papers are filled with innuendoes concerning the actions they

claim that AG may take or "is in a position" to take, they again fail to identify any action that AG *has taken* that blocks or threaten to block restructuring negotiations. In the absence of any such concrete, non-speculative action, the Plaintiffs' mere apprehension of potentially harmful future action is not sufficient to support an injunction. *Ram Products Co., Inc. v. Chauncey*, 967 F. Supp. 1071, 1082 (N.D. Ind. 1997) (to obtain an injunction, a party "must show more than a mere suspicion or apprehension of injury"); *see also Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 92 (3d Cir. 1992) (reversing preliminary injunction where injury had not occurred because competitor had not attempted to use trade secret).

Second, Plaintiffs' innuendoes are unsupportable. Far from blocking a restructuring, in August 2008, AG actually made a restructuring proposal that led to over a week of discussions among all parties. These discussions concluded, moreover, only because the Plaintiffs, not AG, refused to continue them. In any event, the Plaintiffs cannot now properly demand this Court exercise extraordinary equitable power to bar the various lenders from communicating with one another concerning a potential restructuring, when the same lenders have been doing so *after the filing of this action* with the Plaintiffs' consent and participation.

Finally, the injunction that the Plaintiffs seek would actually prevent a restructuring, not facilitate one. To restructure a complex capital structure requires extensive communication and negotiation among all stakeholders. Barring the lenders from communicating with AG, the holder of a majority of the obligations under the Credit Agreement, effectively cripples such negotiations and brings about the very result that the Plaintiffs claim to fear. Moreover, RPG has provided the Agent with financial statements reflecting an urgent need for cash. While the First Lien Lenders might be willing to make additional borrowings available under the Credit Agreement to meet this need, the Credit Agreement bars them from doing so

while, as Plaintiffs admit, RPG and RPGH are in default. Even if the First Lien Lenders were inclined to waive this requirement and provide the additional cash RPG needs, the Agent cannot do so unless it communicates with and obtains the consent of AG.

Not only have the Plaintiffs failed to identify any irreparable harm, but they have also failed to demonstrate that the balance of harms tilts in favor of an injunction. In fact, as the Agent demonstrated in its opposition brief — and the Plaintiffs do not dispute —the injunction they seek would have the effect of disabling AG, as the "Required Lenders" under the Credit Agreement, from communicating with the Agent or taking any action in respect of the Credit Agreement. It would thereby prevent the Agent from acting on behalf of the First Lien Lenders, either to facilitate a restructuring or to assert the lenders' rights and remedies. As such, it would work a substantial harm on both AG and the remaining First Lien Lenders. In light of the absence of any irreparable harm to the Plaintiffs, the injury to the First Lien Lenders that the proposed injunction would cause militates strongly against its entry.[1]

---

[1] Unable to dispute the clear injury that the injunction they seek would work on the First Lien Lenders, the Plaintiffs argue in a footnote that this court should reform the Credit Agreement to deem AG bound by the votes of the other First Lien Lenders. *See* RPGI Reply at 14 n. 9. Not only does this Court lack the jurisdiction to modify the terms of the Credit Agreement which is not before it and the rights and obligations First Lien Lenders who are also not before it, but the Plaintiffs have provided no basis on which this Court could possibly craft such relief in any equitable fashion.

## **CONCLUSION**

The Agent would suffer prejudice if the TRO Motion is granted. Accordingly, the Agent respectfully requests that the Court deny the TRO Motion.

Dated:   Chicago, Illinois
         September 4, 2008

        Respectfully submitted,

        KRAMER LEVIN NAFTALIS & FRANKEL LLP

           Kenneth H. Eckstein
           P. Bradley O'Neill
           1177 Avenue of the Americas
           New York, New York 10036
           (212) 715-9100 (telephone)
           (212) 715-8000 (fax)

        FOLEY & LARDNER LLP

        By: /s/ Derek L. Wright

           Derek L. Wright (6276201)
           Mark F. Hebbeln (6272385)
           321 North Clark
           Suite 2800
           Chicago, IL 60654
           Tel: (312) 832-4372
           Fax: (312) 832-4700

        Counsel for Credit Suisse, Cayman Islands Branch, in its capacity as administrative agent and collateral agent for the First Lien Lenders